■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNHARD GOETZ, Appellant.—Judgment of the Supreme Court, New York County (Stephen G. Crane, J.), rendered on October 19, 1987, convicting defendant, following a jury trial, of criminal possession of a weapon in the third degree and imposing a sentence of six months' imprisonment to run concurrently with five years' probation, a fine of $5,000 and, as a condition of probation, that he undergo psychiatric counseling and perform a specific number of hours of community service, is unanimously modified on the law to the extent of reversing and vacating the sentence, remanding the matter for resentence, and otherwise affirmed.

Defendant was convicted of the crime of criminal possession of a weapon in the third degree. Pursuant to Penal Law § 70.02 (2) (c), an individual who is convicted of this offense must be sentenced to an indeterminate period of imprisonment, or in the alternative, a definite sentence of no less than one year. The court, however, may impose any other legally authorized sentence upon a person, such as defendant herein, eligible under paragraph (i) of that section "if the court having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that such sentence would be unduly harsh". Prior to sentencing defendant to a "split sentence" in accordance with section 60.01 (2) (d) of the Penal Law (that is, a definite sentence of six months to run concurrently with five years' probation), the trial court concluded (137 Misc 2d 380, 382-384) that:

"Considering all relevant factors learned over the life of this case including the presentence report, psychiatric evaluations,

and opposing memoranda of counsel, this court does not find that the sentence called for by Penal Law § 70.02 (2) (c) (i) would be unduly harsh * * *

"In its reference to, 'any *other* sentence authorized by law' that the court might impose on a finding that the one-year sentence would be unduly harsh, Penal Law § 70.02 (2) (c) (i) must be interpreted as referring to other sentences that would be less harsh. (Emphasis added.) Otherwise, the 'unduly harsh' escape valve would be meaningless. Therefore, the court will do no violence to the statutory scheme if, without finding undue harshness, it imposes another sentence that is at least equal in severity to the one year * * *

"A split sentence is no less onerous than the presumptive one year called for by Penal Law § 70.02 * * *

"Even were conditional release available on a split sentence, this would make the one-year sentence no more severe. In fact, there would in that event be a more stringent aspect to a split sentence because the defendant would be subject to supervision for the remainder of 5 years, rather than the 1 year of parole supervision that the conditional releasee experiences. And, if the probationer recidivates or otherwise violates the terms of his probation, he can be resentenced for up to seven years in State prison."

Clearly, the question of whether or not the sentence of incarceration specified in Penal Law § 70.02 (2) (c) would, taking into account the nature and circumstances of the particular crime involved and the history and character of the defendant, be "unduly harsh" rests within the sound discretion of the trial court. In the instant case, the court did not find that the sentence provided in section 70.02 (2) (c) would be unduly harsh but that a split sentence would be no less onerous. However, if such sentence is not unduly harsh, then the court must impose an indeterminate period of imprisonment or, in the alternative, a definite sentence of no less than one year. Indeed, both the defense and the People are in agreement that absent a determination of undue harshness, the statute mandates that defendant be sentenced to an indeterminate period of imprisonment or a definite sentence of at least one year. Since the court expressly stated on the record that a definite one-year term or an indeterminate term would not be unduly harsh, the split sentence was unauthorized and illegal. A sentence other than the one set forth in Penal Law § 70.02 (2) (c) is permissible only in the event that the court makes a fact finding that such a sentence would be unduly harsh. Accordingly, the sentence herein must be va-

cated and the matter remanded for resentencing. We have considered defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Ross, Milonas, Ellerin and Smith, JJ.